UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STAFFORD Y. L. MEW,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. CR94-5246FDB

ORDER DENYING PETITION FOR WRIT OF ERROR *AUDITA QUERELA*

Petitioner Mew brings a Petitioner for Writ of Error *Audita Querela* to Vacate, Modify and Correct Judgment and Sentence entered June 9, 1995, and other relief, and states that this is not a motion pursuant to 28 U.S.C. § 2255. Petitioner seeks to have his sentence vacated, reduced, and that he be set free immediately. Petitioner contends that the common law writ of *audita querela* (meaning "the complaint having been heard") is used to attack a judgment that was correct when rendered but which later became incorrect because of circumstances that arose after the judgment issued, citing *Carrington v. United States*, 503 F.3d 888, 890, n.2 (9th Cir. 2007).

Petitioner Mew argues that a recent Supreme Court decision raises doubts about Mew's conviction since there was no evidence that his money-laundering conduct involved illicit "profits."

ORDER - 1

1  Mew also argues that convictions for both wire fraud and money laundering should not be used to

2  increase punishment, that Amendment 634 to the Sentencing Guidelines must be applied

3  retroactively, and that his 236 month sentence was excessive compared to the sentences of his co-

4  defendants.

5       The Government's response begins by noting that although Mew claims that his motion is not

6  a motion pursuant to 28 U.S.C. § 2255, his petition seeks a reduction in his sentence by raising the

7  types of claims that are cognizable under that statute.  Also, the Government argues that a claim for

8  reduction in sentence based on an amendment to the Sentencing Guidelines is one that should be

9  brought pursuant to 18 U.S.C. § 3582(c)(2); because Amendment 634 is not one that the Sentencing

10  Commission has made retroactively applicable to cases that are final, *see* USSG § 1B1.10, this

11  statute does not afford relief.  Moreover, the Government contends that Mew's claim regarding

12  Amendment 634, which altered the Money Laundering Guideline, is precisely the claim raised in a

13  previous motion that was denied by this Court; additionally, the opinion upon which Mew relies for

14  support has been withdrawn by the Ninth Circuit.  The Government points to the implementing

15  policy statement set forth in USSG § 1B1.10, which among other things, lists the amendments that

16  the Commission has made retroactive, and Section 1B1.10 does not authorize the retroactive

17  application of Amendment 634 because it is not listed in subsection (c) of that Guideline.  The

18  Government cities a decision where the Ninth Circuit has explicitly held that "if an amendment is not

19  specifically listed in USSG § 1B1.10(c), a reduction is not consistent with the Sentencing

20  Commission's policy statement." *United States v. Cueto*, 9 F.3d 1438, 1440-41 (9th Cir. 1993).

21       The Court is familiar with the procedural and factual history of this case.  The Court is also

22  aware of the previous collateral challenges brought by Petitioner Mew.  First, Mew's motion to

23  vacate his sentence, filed pursuant to 28 U.S.C. § 2255 on January 7, 1998, was denied on April 10,

24  1998, and he did not appeal this order.

25       Petitioner Mew then filed a petition pursuant to 28 U.S.C. § 2241 on November 12, 2002

26  ORDER - 2

1  and requesting a reversal of his conviction on various alleged discovery violations and re-sentencing

2  as a result of Amendment 634 to the Sentencing Guidelines as to Money Laundering. This Court

3  denied the petition on January 23, 2003 and denied a certificate of appealability; the Ninth Circuit

4  dismissed the case, as no certificate of appealabiity was sought from it.

5        On January 11, 2006, Petitioner Mew sought leave from the Ninth Circuit to file a second or

6  successive 2255 petition, which was denied on March 13, 2006.

7        The writ of *audita querela* has been eliminated for civil cases, ( *see* Fed. R. Civ. P. 60(b)),

8  but Courts have concluded that it might still be available in criminal cases in limited circumstances to

9  fill gaps in the scheme of post-conviction remedies, *See United States v. Valdez-Pacheco*, 237 F.3d

10  1077, 1079 (9th Cir. 2001); nevertheless, the Ninth Circuit has clearly stated that *audita querela* is

11  not available to challenge a conviction or sentence where the claim raised is one cognizable under 28

12  U.S.C. § 2255. *Valdez-Pacheco, id.* This limitation applies even where a defendant is precluded

13  from raising the claims through a Section 2255 motion because of the rule against second or

14  successive motions imposed by the Antiterrorism and Effective Death Penalty Act of 1996. *Id.* at

15  1080. "A prisoner may not circumvent valid congressional limitations on collateral attacks by

16  asserting that those very limitations create a gap in the post-conviction remedies that must be filled

17  by the common law writs." *Id.*

18        A collateral challenge to a defendant's sentence is properly brought under a 28 U.S.C. § 2255

19  motion. Petitioner Mew is challenging his sentence and seeks to have it vacated, reduced, and that

20  he be freed immediately; this is the type of challenge that is to be brought as a 2255 petition.

21  Petitioner Mew's citation to a District Court case for support is unavailing, and contradicts Ninth

22  Circuit precedent, particularly, *Carrington v. United States*, 530 F.3d 1183 (9th Cir. 2008).

23  Petitioner Mew's assertion of grave doubts about the validity of his conviction is the type of claim

24  that arises under 2255, but Mew has obtained no authorization to file a second or successive 2255

25  motion.

26  ORDER - 3

1  Petitioner Mew has previously petitioned for a reduction of sentence based on Amendment

2  634,  the Petition was denied, and he is precluded from raising this claim again.  Altogether, Mew's

3  claims for relief are the types of claims that are cognizable under 28 U.S.C. § 2255, regardless of

4  how he characterizes them, and he has failed to obtain permission to bring a second or successive

5  2255 petition.

6  NOW, THEREFORE, IT IS ORDERED: Petitioner Mew's Petitioner for Writ of Error

7  *Audita Querela* to Vacate, Modify and Correct Judgment and Sentence [Dkt. # 582] is DENIED.

8  DATED this 13ᵗʰ day of April, 2009.

9

10  _____

FRANKLIN D. BURGESS
11  UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER - 4